## Taylor *vs* Hardin.

ERROR TO THE MARION CIRCUIT.

*Sheriffs. Motions. Executions.*

JUDGE BRECK delivered the opinion of the Court.

FOR failing to return an execution within one month after the return day thereof, the appellee recovered, upon motion, a judgment against the appellant as sheriff of the County of Marion, for the amount of the execution and thirty per cent. damages. From that judgment Taylor has appealed to this Court.

The first objection taken to the proceeding has reference to the time when the motion was heard.

The notice to Taylor was to the 12th October, 1843. The motion was taken up and tried on the 17th of that month, and the record contains no entry of the motion on the 12th. These facts, however, appear: that Taylor was served with a copy of the notice on the 21st September, 1843, which was filed in the Clerk's Office of the Marion Circuit Court on the 23d of the same month. In the bill of exceptions taken in the case, it is stated that "the sheriff (Taylor) objected to the present notice because it was not regularly continued from day to day from the day it was first entered on the order book." The parties were present by their counsel on the 17th, when the motion was taken up and heard, to which no objection was made, except to the failure regularly to continue the motion from day to day. Had the motion been entered on the 12th it would thereby have acquired the character of a pending suit and no continuance of it from day to day, till taken up and heard, would have been necessary. And although we find no such formal entry in the record, yet as the notice was duly executed upon Taylor and filed in the office before the commencement of the term, and it appearing from the bill of exceptions that the motion had been made or entered at the proper time, and no objection being made to trying it upon the merits when it was taken up, we are of the opinion that the objection now

MOTION.

*Case* 65.

*April* 4.

Case stated.

It is not an error which this Court will regard, that a notice of a motion was not entered in Court on the day it was returnable if the parties appeared and no objection was made to the regularity of the notice, and especially as the bill of exceptions states that it was properly entered, tho the transcript does not otherwise show the fact.

TAYLOR
*vs*
HARDIN.

It is not an available defence to a motion against a sheriff, for failing to return an execution, that a judgment for a like failure had been recovered against a former sheriff. If such judg't had been paid, the sheriff paying it had the right to use the name of plaintiff on the execution to collect the debt.

made to the time when the motion was made comes too late and is not available.

It is further insisted that upon the merits of the case the judgment cannot be sustained.

The ground mainly relied upon is that the appellee or plaintiff in the motion had previously recovered a judgment against a former sheriff for failing to return a previous execution upon the same judgment, upon which execution had issued in this case. The judgment, so recovered, was for the amount of the execution and thirty per cent. damages thereon. From that judgment, however, it appears that an appeal had been prayed to this Court and which had not been finally disposed of when the motion in this case was made. But whether disposed of or not is deemed wholly immaterial, since it is not shown that the first judgment had been discharged, which would alone entitle the former sheriff to the benefit and control of the judgment upon which the execution had issued, and for failing to return, while he had been made responsible.

It does not satisfactorily appear that the former sheriff had attempted to direct and control Taylor in the management of the execution, while he failed to return in this case, but even if he had, it would have been an unauthorized interference and would have furnished no available defence for the defendant in this motion. If the judgment against the former sheriff had even been discharged, *that* would constitute no bar to this motion for his benefit.

No further objections are urged deserving consideration.

Wherefore the judgment is affirmed.

*Rountree* for plaintiff: *Shuck* for defendant.